WIGGINS, Justice
(concurring specially)-
I concur, but write specially concerning the evidentiary ruling regarding the district court’s failure to grant the Halls access to portions of the 2007 credentialing file and the entire 2009 credentialing file. The Halls, in requesting the credentialing files, failed to limit their request to the items contained in the credentialing files that did not include the credentialing committee’s work product in determining whether the hospital should have credentialed Dr. Bendorf to do Whipple procedures.[5] As I wrote in my concurring opinion in Cawthom v. Catholic Health Initiatives Iowa Corp.,. we have not adopted the court of appeals’ decision in Day v. Finley Hospital, 769 N.W.2d 898 (Iowa Ct.App.2009). Cawthorn v. Catholic Health Initiatives Iowa Corp., 806 N.W.2d 282, 293 n. 7 (Iowa 2011) (Wiggins, J., concurring specially). The Halls only claimed that they were entitled to the credentialing files because the hospital used some of the items in the credentialing files in litigating its case. The Halls did not claim that Iowa Code section 147.135 (2009) did not protect certain items contained in the credentialing files. Accordingly, I concur that, under this record, the Halls were pot entitled to the credentialing files they sought to obtain from the hospital.

. Examples of items in a credentialing file that are not work product of the credentialing committee may include the application submitted by the physician seeking credentialing, any medical records reviewed by the credentialing committee, any transcripts of the physician’s training, any records not generated by a peer review committee as to a physician’s prior discipline, or any written material provided by a third party to the committee commenting on a physician’s qualifications. Work product may include analysis of the records reviewed by the credentialing committee or .other written documents containing the credentialing committee’s mental thoughts regarding the physician’s qualifications.